A. W. Row v. Commissioner.
Row v. Commissioner
Docket No. 68137.
United States Tax Court
T.C. Memo 1959-58; 1959 Tax Ct. Memo LEXIS 190; 18 T.C.M. (CCH) 305; T.C.M. (RIA) 59058; March 30, 1959
*190 Held, that petitioner's deduction for medical expenses for the year 1955 must be limited to $2,500 for that year under the provisions of section 213(c) of the Code of 1954, since petitioner was entitled to only one exemption for that year under section 151. A. W. Row, pro se, 16554 Fairfield, Detroit, Mich. Louis J. DeReuil, Esq., for the respondent. FISHER
Memorandum Opinion FISHER, Judge: Respondent determined a deficiency in income tax against petitioner for the taxable year 1955 in the amount of $169.14. The only issue presented revolves around the question of whether petitioner's deduction for medical expenses for the year 1955 is limited to $2,500 under the provisions of section 213(c), or whether he is entitled to deduct $4,072.52, the actual amount of his medical expenses for that year. All of the material facts are stipulated or conceded and are incorporated herein by reference. Petitioner filed his individual Federal income tax return for the taxable year 1955 with the district director of internal revenue for the district of Michigan, Ann Arbor, Michigan. Petitioner incurred expenses for medical care in the amount of $4,072.52 during the taxable year 1955. Petitioner's mother, Elinor *192 Row, had gross income in excess of $600 during the taxable year 1955. The relevant provisions of section 213(c) are set forth in the margin. [1]
Respondent disallowed medical expense deductions to the extent that they exceeded $2,500 for the year in question under the provisions of section 213(c) because petitioner *193 was entitled to only one exemption allowable as a deduction for that year under section 151. The burden of proof rested with petitioner to show error in respondent's determination. No such proof was submitted, and petitioner admits he is entitled to no more than one exemption allowable as a deduction under section 151 for the year 1955. Petitioner, who appeared without counsel, is apparently confused by the somewhat complex language of section 213(c) and is under the impression that the full amount of his medical expenses (which were less than $5,000) is allowable under section 213(c)(1). A careful reading of the statutory provisions leaves no doubt, however, that subparagraph (1) of section 213(c), where applicable at all, is a limitation upon the amount allowable as a deduction under 213(c) and is not a basis for increasing such amount. Respondent's determination is therefore sustained. Because of certain credits referred to in the statutory notice, Decision will be entered under Rule 50. Footnotes
1. SEC. 213. MEDICAL, DENTAL, ETC., EXPENSES. * * *
(c) Maximum Limitations. - Except as provided in subsection (g), the deduction under this section shall not exceed $2,500, multipled by the number of exemptions allowed for the taxable year as a deduction under section 151 (other than exemptions allowed by reason of subsection (c) or (d), relating to additional exemptions for age or blindness); except that the maximum deduction under this section shall be - (1) $5,000, if the taxpayer is single and not the head of a household (as defined in section 1(b)(2)) and not a surviving spouse (as defined in section 2(b)) or is married but files a separate return; or (2) $10,000, if the taxpayer files a joint return with his spouse under section 6013, or is the head of a household (as defined in section 1(b)(2)) or a surviving spouse (as defined in section 2(b)).↩